UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE FORTUNE SOCIETY, INC., on behalf of itself and its participants and JENETTA ROLFER, on behalf of herself and all others similarly situated,

        Plaintiffs,

  v.

MACY'S, INC.,

        Defendant.

Case No. 1:19-cv-05961-RA-DF

CLASS ACTION

---

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT IN PART**

---

SCHOEMAN UPDIKE KAUFMAN
& GERBER LLP
551 Fifth Avenue, 12th Floor
New York, NY 10176
T: (212) 661-5030
F: (212) 687-2123
Email: sgerber@schoeman.com
Email: onunez@schoeman.com
*Attorneys for Defendant, Macy's, Inc.*

On the Brief (to be admitted *pro hac vice*):

Michael C. Christman, Esq.
Macy's Law Department
11477 Olde Cabin Road, Suite 400
St. Louis, MO 63141
T: (314) 342-6334

Dated: July 19, 2019

Defendant Macy's, Inc. ("Defendant") files this memorandum in support of its motion to dismiss the Complaint [ECF 1] filed by Plaintiffs The Fortune Society, Inc. and Jenetta Rolfer ("Rolfer") in part pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2).

## I.

## THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT TO ADJUDICATE ROLFER'S FCRA CLAIM

When opposing a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of showing that the court has jurisdiction over the defendant for the claim(s) at issue. *Metro Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996).

Rolfer has pled one putative class action claim under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"). Complaint, ¶¶ 104-109, 131-143. The FCRA does not grant nationwide jurisdiction. *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1265 (11th Cir. 1998); *Korzeniowski v. NCO Fin. Sys.*, No. 09-1399, 2010 U.S. Dist. LEXIS 10437, *5 (D. Conn. Feb. 8, 2010). In federal question cases where the federal statute does not grant nationwide jurisdiction, personal jurisdiction is determined pursuant to the laws of the forum state. *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010). *See also Daimler AG v. Bauman*, 571 U.S. 117, 125, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014) ("Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons.").

To make this determination, the Court engages in a two-step analysis. First, the Court applies the forum state's long-arm statute. *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 168 (2d Cir. 2015). If the long-arm statute permits personal jurisdiction, the second step is to analyze whether personal jurisdiction comports with the due process protections of the United States Constitution. *Id.*

1

A.   **Defendant Is Not Subject to Personal Jurisdiction Under New York's Long-Arm Statute for Rolfer's FCRA Claim**

Rolfer's personal jurisdiction allegations are contained in Paragraph 9, which claims "Macy's, by soliciting, conducting, and transacting business in the state of New York, engages in continuous, permanent, and substantial activity within the state." Complaint, ¶ 9.

1.   **This Court Lacks General Jurisdiction Under New York's Long-Arm Statute**

In New York, general jurisdiction is governed by N.Y. C.P.L.R. § 301. *Seiden v. Schwartz, Levitsky, & Feldman LLP*, No. 16-5666, 2017 U.S. Dist. LEXIS 91288, *5 (S.D.N.Y. June 14, 2017) (Abrams, J.). However, § 301 is limited by the Due Process Clause of the Fourteenth Amendment, which permits general jurisdiction over corporations "only 'when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State.'" *Id.* at *5-6 (citing *Goodyear Dunlop Tires Operations, S. A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011)). "Only 'in an exceptional case,' the Supreme Court has explained, will 'a corporation's operations in a forum other than its formal place of incorporation or principal place of business … be so substantial and of such a nature as to render the corporation at home in that State.'" *Id.* at *6 (citing *Daimler AG*). Defendant is a Delaware corporation with its principal place of business in Cincinnati, Ohio (*see* Declaration of Steven R. Watts ("Watts Decl."), ¶¶ 4-5), and this is not an "exceptional" case. *See Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016) (noting the "heavy burden" a plaintiff bears when attempting to establish an "exceptional case" for general jurisdiction purposes). Accordingly, Defendant is not "at home" in New York and there is no general jurisdiction over Defendant under § 301.

2. **This Court Lacks Specific Jurisdiction Under New York's Long-Arm Statute**

Under New York's long-arm statute, "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state." *Eades*, 799 F.3d at 168 (citing N.Y. C.P.L.R. § 302(a)(1)). "'To establish personal jurisdiction under section 302(a)(1), two requirements must be met: (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity.'" *Id.* (citation omitted). "[A] defendant that transacts business in New York is only subject to suit in New York under § 302(a)(1) for causes of action that have a sufficient nexus to the New York business." *Thomas v. JP Morgan Chase, N.A.*, No. 11-3656, 2012 U.S. Dist. LEXIS 96131, *11-12 (E.D.N.Y. July 11, 2012). "There must be 'a 'substantial relationship' . . . between a defendant's transactions in New York and a plaintiff's cause of action in order to satisfy the nexus requirement of [§ 302(a)].'" *Id.* (citation omitted).

There is no relationship between Rolfer's FCRA claim and any activity of Defendant in New York. Rolfer, who now lives in Minnesota, alleges that she applied for, and ultimately was terminated from, a job at the Macy's Credit and Customer Services call center in Clearwater, Florida.[1]  Complaint, ¶¶ 24-26, 46-63. Defendant is simply a public holding company that owns stock in a variety of corporations and other business entities and does not conduct any business other than that of a holding company. Watts Decl., ¶¶ 6-7. Rolfer's FCRA claim does not arise from any activity of Defendant in New York and therefore the New York long-arm statute does not allow for the exercise of personal jurisdiction over Defendant for that claim. *See, e.g., Casville Invs., Ltd. v. Kates*, No. 12-6968, 2013 U.S. Dist. LEXIS 95426, *25-26 (S.D.N.Y. July 8, 2013) (Abrams, J.) (holding court lacked personal jurisdiction over defendants because there

was no substantial relationship between plaintiffs' claims and defendants' activity in New York).

Because there is no personal jurisdiction under New York's long-arm statute, Rolfer's FCRA claim should be dismissed under Rule 12(b)(2).

**B.    Exercising Personal Jurisdiction Over Defendant for Rolfer's FCRA Claim Would Violate Due Process**

Personal jurisdiction under the Due Process Clause of the Fourteenth Amendment can be either "general" or "specific." *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779-80, 198 L. Ed. 2d 395 (2017). *See also Daimler AG*, 571 U.S. at 132 (discussing general and specific jurisdiction).  This Court lacks both types.

**1.    This Court Lacks General Jurisdiction Under the Fourteenth Amendment**

A court with general jurisdiction over a defendant may hear any claim against that defendant, "[b]ut 'only a limited set of affiliations with the forum will render a defendant amenable to' general jurisdiction in that State." *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (citing *Daimler AG*). For a court to exercise general jurisdiction over a corporation, that corporation must be "at home" in the forum state. *Id.*  That is why, "[w]ith respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Daimler AG*, 571 U.S. at 137. "[T]he inquiry . . . is whether that corporation's 'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State.'" *Id.* at 138-39. "[T]he inquiry 'calls for an appraisal of a corporation's activities in their entirety;' '[a] corporation that operates in many places can scarcely be deemed at home in all of them.'" *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559, 198 L. Ed. 2d 36 (2017) (citing *Daimler AG*). This standard is not satisfied simply because a corporation conducts

---

[1]    This call center is owned and operated by Macy's Credit and Customer Services, Inc. ("MCCS"), a wholly-owned subsidiary of Defendant.  Rolfer was employed by MCCS, not by Defendant.

business in the forum: "'[a] corporation's 'continuous activity of some sorts within a state . . . is not enough to support the demand that the corporation be amenable to suits unrelated to the activity.'" *Bristol-Myers Squibb*, 137 S. Ct. at 1781 (citation omitted). *See also BNSF*, 137 S. Ct. at 1559 (holding "in-state business . . . does not suffice to permit the assertion of personal jurisdiction over claims . . . that are unrelated to any activity occurring in" the forum state).

Defendant is not "at home" in New York. Defendant is a Delaware corporation with its principal place of business in Cincinnati, Ohio. Watts Decl., ¶¶ 4-5. Defendant is a holding company that owns stock in a variety of corporations and other business entities. *Id.* at ¶ 6. Defendant is a separate and distinct corporate entity from its subsidiaries and does not conduct any business other than that of a public holding company. *Id.* at ¶¶ 6-7. Because Defendant is only "at home" in Delaware and Ohio, this Court lacks general jurisdiction over Defendant.

**2.     This Court Lacks Specific Jurisdiction Under the Fourteenth Amendment**

Specific jurisdiction must be established by each named plaintiff for each claim against each defendant. *Bristol-Myers Squibb*, 137 S. Ct. at 1783. *See also Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004) ("A plaintiff must establish the court's jurisdiction with respect to each claim asserted.") (*emphasis in original*). "'[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (citing *Goodyear*, 564 U.S. at 919). "In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Id.* at 1781 (citing *Goodyear*, 564 U.S. at 919). *See also Walden v. Fiore*, 571 U.S. 277, 284, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014) ("For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State."). "When there is no such connection, specific

5

jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb*, 137 S. Ct. at 1781.

In a putative class action (like Rolfer's FCRA claim), "personal jurisdiction is based on a defendant's contacts with the forum state and actions giving rise to the named plaintiffs' causes of action . . . Contacts with unnamed class members may not be used as a jurisdictional basis". *Gonzelez v. Costco Wholesale Corp.*, No. 16-2590, 2018 U.S. Dist. LEXIS 171000, *21-22 (E.D.N.Y. Sept. 29, 2018). *See also Daniel v. Tootsie Roll Indus., LLC*, No. 17-7541, 2018 U.S. Dist. LEXIS 129143, *19 (S.D.N.Y. Aug. 1, 2018) ("When the action is brought as a purported class action, personal jurisdiction over each defendant is assessed with respect to the named plaintiffs' causes of action.").

There is no connection between Rolfer's FCRA claim and any activity of Defendant in New York. Defendant is a public holding company that owns stock in a variety of corporations and other business entities and does not conduct any business other than that of a holding company. Watts Decl., ¶¶ 6-7. Rolfer, who now lives in Minnesota, alleges that she applied for, and ultimately was terminated from, a job at the MCCS call center in Clearwater, Florida. Complaint, ¶¶ 24-26, 46-63. There is no connection between New York and Rolfer's FCRA claim. Accordingly, this Court lacks specific jurisdiction over Defendant with respect to that claim.

Because this Court lacks general jurisdiction and specific jurisdiction over Defendant with respect to Rolfer's FCRA claim, that claim should be dismissed under Rule 12(b)(2).

## II.

## **CONCLUSION**

As shown herein, Defendant Macy's, Inc. is not subject to personal jurisdiction in this Court with respect to Rolfer's FCRA Claim. Accordingly, the Court should dismiss the Fifth Claim for Relief in the Complaint pursuant to Rule 12(b)(2).

Respectfully submitted,

By: *s/ Steven Gerber*
Steven Gerber
Ola A. Nunez
SCHOEMAN UPDIKE KAUFMAN
& GERBER LLP
551 Fifth Avenue, 12th Floor
New York, NY 10176
T: (212) 661-5030
Email: sgerber@schoeman.com
Email: onunez@schoeman.com
*Attorneys for Defendant, Macy's, Inc.*