UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE FORTUNE SOCIETY, INC., on behalf of itself and its participants and JENETTA ROLFER, on behalf of herself and all others similarly situated,<br><br>               Plaintiffs,<br><br>      v.<br><br>MACY'S, INC., MACY'S RETAIL HOLDINGS, INC. d/b/a MACY'S, MACY'S CREDIT AND CUSTOMER SERVICES, INC. and MACY'S CREDIT OPERATIONS, INC.,<br><br>               Defendant. | Case No. 1:19-cv-05961-RA-DF<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

Steven Gerber, Esq.
Ola A. Nunez, Esq.
SCHOEMAN UPDIKE KAUFMAN
& GERBER LLP
551 Fifth Avenue, 12th Floor
New York, NY 10176
T: (212) 661-5030
Email: sgerber@schoeman.com
Email: onunez@schoeman.com

Betty Thorne Tierney, Esq.
Michael C. Christman, Esq.
Macy's Law Department
11477 Olde Cabin Road, Suite 400
St. Louis, MO 63141
T: (314) 342-6728
T: (314) 342-6334
Email: betty.tierney@macys.com
Email: michael.christman@macys.com

*Attorneys for Defendants*
*Macy's, Inc, Macy's Retail Holdings, Inc.,*
*Macy's Credit Operations, Inc., and*
*Macy's Credit and Customer Services, Inc.*

Dated: August 23, 2019

## <u>TABLE OF CONTENTS</u>

I.    THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS MI, MCCS, AND MCO................................................................................................1

    A.    This Court Lacks General Jurisdiction Over MI, MCCS, and MCO......................2

    B.    This Court Lacks Specific Jurisdiction Over MI, MCCS, and MCO ....................7

        1.    This Court Lacks Specific Jurisdiction Over MI, MCCS, and MCO Pursuant to New York's Long-Arm Statute..................................................7

        2.    This Court Lacks Specific Jurisdiction Over MI, MCCS, and MCO Pursuant to the Due Process Clause of the Fourteenth Amendment .........11

II.    THE FIRST AMENDED COMPLAINT MUST BE DISMISSED UNDER RULE 12(b)(6) BECAUSE IT DOES NOT SATISFY RULE 8(a)(2)........................................13

III.    CONCLUSION................................................................................................................16

## **TABLE OF AUTHORITIES**

### **Cases**

*Am. Sales Co. v. Astrazeneca AB*, No. 10-6062,
2011 U.S. Dist. LEXIS 41182 (S.D.N.Y. Apr. 14, 2011),
*adopted by* 2013 U.S. Dist. LEXIS 139622 (S.D.N.Y. Sept. 27, 2013) (Abrams, J.) .......13

*Amiron Dev. Corp. v. Sytner*, No. 12-3036,
2013 U.S. Dist. LEXIS 47033 (E.D.N.Y. Mar. 29, 2013) ................................................14

*BNSF Ry. Co. v. Tyrrell*,
137 S. Ct. 1549, 198 L. Ed. 2d 36 (2017) ......................................................................3, 4

*Bracken v. MH Pillars, Inc.*, No. 15-7302,
2016 U.S. Dist. LEXIS 180133 (S.D.N.Y. Dec. 29, 2016) (Abrams, J.)............................3

*Bristol-Myers Squibb Co. v. Superior Court*,
137 S. Ct. 1773, 198 L. Ed. 2d 395 (2017).......................................................2, 3, 7, 11, 12

*Brown v. Lockheed Martin Corp.*,
814 F.3d 619 (2d Cir. 2016)...........................................................................................3, 4

*Casville Invs., Ltd. v. Kates*, No. 12-6968,
2013 U.S. Dist. LEXIS 95426 (S.D.N.Y. July 8, 2013) (Abrams, J.) ..............................11

*Daimler AG v. Bauman*,
571 U.S. 117, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014)...................................1, 2, 3, 5, 6

*Daniel v. Tootsie Roll Indus., LLC*, No. 17-7541,
2018 U.S. Dist. LEXIS 129143 (S.D.N.Y. Aug. 1, 2018) ...................................................9

*Deitrick v. Gypsy Guitar Corp.*, No. 16-616,
2016 U.S. Dist. LEXIS 179481 (S.D.N.Y. Dec. 28, 2016) .................................................8

*Eades v. Kennedy, PC Law Offices*,
799 F.3d 161(2d Cir. 2015).............................................................................................2, 7

*Gonzelez v. Costco Wholesale Corp.*, No. 16-2590,
2018 U.S. Dist. LEXIS 171000 (E.D.N.Y. Sept. 29, 2018)................................................9

*Goodyear Dunlop Tires Operations, S. A. v. Brown*,
564 U.S. 915, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011)...................................2, 4, 11, 12

*Grabowski v. Northrop Grumman Sys. Corp.*, No. 16-3492,
    2017 U.S. Dist. LEXIS 120750 (D. Md. June 30, 2017) ....................................................4

*Harris v. NYU Langone Med. Ctr.*, No. 12-0454,
    2013 U.S. Dist. LEXIS 99328 (S.D.N.Y. July 9, 2013) ...................................................13

*In re Roman Catholic Diocese of Albany, N.Y.*,
    745 F.3d 30 (2d Cir. 2014) ..............................................................................................4

*In re Ruiz*,
    342 F.Supp.3d 448 (S.D.N.Y. 2018) ................................................................................5

*In re Zinc Antitrust Litig.*,
    155 F.Supp.3d 337 (S.D.N.Y. 2016) ..............................................................................15

*Jin v. EBI, Inc.*, No. 05-4201,
    2008 U.S. Dist. LEXIS 25331 (E.D.N.Y. Mar. 28, 2008) .............................................8, 9

*Jones v. L-3 Commc'ns Integrated Sys., L.P.*, No. 15-6623,
    2015 U.S. Dist. LEXIS 143216 (S.D.N.Y. Oct. 21, 2015) ...............................................8

*Korzeniowski v. NCO Fin. Sys.*, No. 09-1399,
    2010 U.S. Dist. LEXIS 10437 (D. Conn. Feb. 8, 2010) ...................................................1

*Laboratorios Rivas, SRL v. Ugly & Beauty, Inc.*, No. 11-5980,
    2013 U.S. Dist. LEXIS 161188 (S.D.N.Y. Nov. 12, 2013),
    *adopted by* 2014 U.S. Dist. LEXIS 2624 (S.D.N.Y. Jan. 8, 2014) (Abrams, J.) ..............13

*Lockard v. Equifax, Inc.*,
    163 F.3d 1259 (11th Cir. 1998) .......................................................................................1

*Martin v. City of New York*, No. 07-7384,
    2008 U.S. Dist. LEXIS 33946 (S.D.N.Y. Apr. 23, 2008) ...............................................13

*Metro Life Ins. Co. v. Robertson-Ceco Corp.*,
    84 F.3d 560 (2d Cir. 1996) ..............................................................................................1

*Monkton Ins. Servs., Ltd. v. Ritter*,
    768 F.3d 429 (5th Cir. 2014) ...........................................................................................3

*Penguin Grp. (USA) Inc. v. Am. Buddha*,
    609 F.3d 30 (2d Cir. 2010) ..............................................................................................1

*Perkins v. Benguet Consol. Mining Co.*,
    342 U.S. 437, 72 S. Ct. 413, 96 L. Ed. 485 (1952) ..........................................................4

*Seiden v. Schwartz, Levitsky, & Feldman LLP*, No. 16-5666,
   2017 U.S. Dist. LEXIS 91288 (S.D.N.Y. June 14, 2017) (Abrams, J.)......................2, 3, 6

*Sunward Elecs., Inc. v. McDonald*,
   362 F.3d 17 (2d Cir. 2004)...................................................................................................7

*Tera Grp., Inc. v. Citigroup, Inc.*, No. 17-4302,
   2018 U.S. Dist. LEXIS 169625 (S.D.N.Y. Sept. 28, 2018)...................................................8

*Thackurdeen v. Duke Univ.*,
   130 F.Supp.3d 792 (S.D.N.Y. 2015), *aff'd*, 660 Fed. Appx. 43 (2d Cir. 2016) .................2

*Thomas v. JP Morgan Chase, N.A.*, No. 11-3656,
   2012 U.S. Dist. LEXIS 96131 (E.D.N.Y. July 11, 2012)....................................................7

*Vangas v. Montefiore Med. Ctr.*,
   823 F.3d 174 (2d Cir. 2016)...............................................................................................15

*Wahlstrom v. Metro-North Commuter R.R. Co.*,
   89 F.Supp.2d 506 (S.D.N.Y. 2000)....................................................................................15

*Walden v. Fiore*,
   571 U.S. 277, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014)............................................11, 12

## United States Code

15 U.S.C. §§ 1681 ....................................................................................................................1

42 U.S.C. § 2000e-5(f)(3) .........................................................................................................1

## Federal Rules of Civil Procedure

Rule 8(a)........................................................................................................................13, 14, 16

Rule 12(b)(2) ...................................................................................................................*passim*

Rule 12(b)(6) ...................................................................................................................*passim*

## State Law

Admin. Code of the City of N.Y. §§ 8-101 *et seq.*
   ("New York City Human Rights Law" or "NYCHRL") ...........................................*passim*

N.Y. C.P.L.R. § 301.............................................................................................................2, 6

N.Y. C.P.L.R. § 302(a)(1)............................................................................................7, 8, 9, 10

Defendants Macy's, Inc. ("MI"), Macy's Retail Holdings, Inc. ("MRHI"), Macy's Credit and Customer Services, Inc. ("MCCS"), and Macy's Credit Operations, Inc. ("MCO") file this memorandum in support of their motion to dismiss the First Amended Class Action Complaint [ECF 31] ("First Amended Complaint") filed by Plaintiffs The Fortune Society, Inc. ("Fortune") and Jenetta Rolfer ("Rolfer") (collectively, "Plaintiffs") pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(2) and 12(b)(6).

## I.
## <u>THIS COURT LACKS PERSONAL JURISDICTION<br>OVER DEFENDANTS MI, MCCS, AND MCO</u>

When opposing a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of showing that the court has jurisdiction over each defendant for each claim at issue. *Metro Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996).

Fortune has pled one claim under Title VII, 42 U.S.C. § 2000e *et seq.* and three claims under the New York City Human Rights Law ("NYCHRL"). <u>First Amended Complaint ¶¶ 128-148.</u> Rolfer has pled one putative class action claim under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"). <u>*Id.* ¶¶ 122-127, 149-161.</u> Title VII does not provide for nationwide service of process. 42 U.S.C. § 2000e-5(f)(3). The FCRA also does not provide for nationwide service of process. *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1265 (11th Cir. 1998); *Korzeniowski v. NCO Fin. Sys.*, No. 09-1399, 2010 U.S. Dist. LEXIS 10437, *5 (D. Conn. Feb. 8, 2010). In federal question cases where the federal statute does not provide for nationwide service of process, personal jurisdiction is determined pursuant to the laws of the forum state. *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010). *See also Daimler AG v. Bauman*, 571 U.S. 117, 125, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014) (holding federal courts

ordinarily follow state law in determining personal jurisdiction).

To make this determination, the Court engages in a two-step analysis. First, the Court applies the forum state's long-arm statute. *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 168 (2d Cir. 2015). If the long-arm statute permits personal jurisdiction, the second step is to analyze whether personal jurisdiction comports with the due process protections of the United States Constitution. *Id.*

Personal jurisdiction can be either "general" or "specific." *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779-80, 198 L. Ed. 2d 395 (2017). *See also Daimler*, 571 U.S. at 132 (discussing general and specific jurisdiction). This Court lacks both forms of personal jurisdiction for the claims and defendants discussed herein.

**A.     This Court Lacks General Jurisdiction Over MI, MCCS, and MCO**

In New York, general jurisdiction is governed by N.Y. C.P.L.R. § 301. *Seiden v. Schwartz, Levitsky, & Feldman LLP*, No. 16-5666, 2017 U.S. Dist. LEXIS 91288, *5 (S.D.N.Y. June 14, 2017) (Abrams, J.). However, § 301 is limited by the Due Process Clause of the Fourteenth Amendment, which permits general jurisdiction over corporations "only 'when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State.'" *Id.* at *5-6 (citing *Goodyear Dunlop Tires Operations, S. A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011)). *See also Thackurdeen v. Duke Univ.*, 130 F.Supp.3d 792, 798-801 (S.D.N.Y. 2015) (analyzing general jurisdiction under § 301 and Due Process Clause together), *aff'd*, 660 Fed. Appx. 43 (2d Cir. 2016). "With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Daimler*, 571 U.S. at 137. "Only 'in an exceptional case,' the Supreme Court has explained, will 'a corporation's operations in a forum other than its formal place of incorporation or principal place of business … be so substantial and of such a nature as to render

2

the corporation at home in that State.'" *Seiden*, 2017 U.S. Dist. LEXIS 91288 *6 (citing *Daimler*, 571 U.S. at 139 n.19).

MI, MCO, and MCCS are not incorporated in New York and do not have their respective principal places of business in New York. MI is a Delaware corporation with its principal place of business in Cincinnati, Ohio. <u>August 20, 2019</u> <u>Declaration of Steven R. Watts ("Watts Decl.")</u> <u>¶¶ 4-5.</u> MCO is an Ohio corporation with its principal place of business in Clearwater, Florida. <u>*Id.* ¶¶ 19-20.</u> MCCS is an Ohio corporation with its principal place of business in Mason, Ohio. <u>*Id.* ¶¶ 29-30.</u>

Because MI, MCO, and MCCS are not incorporated in New York and do not have their respective principal places of business in New York, general jurisdiction can exist over MI, MCO, and MCCS only if each qualifies as an "exceptional" case.  They do not.

As the Second Circuit held, a plaintiff seeking to establish that a corporate defendant is at home in a state where it is not incorporated and does not have its principal place of business "bears a heavy burden". *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016). *See also Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (noting how "incredibly difficult" it is for a plaintiff "to establish general jurisdiction in a forum other than the place of incorporation or principal place of business."). Indeed, general jurisdiction is not established in a forum just because a corporation conducts business there. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781, 198 L. Ed. 2d 395 (2017); *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559, 198 L. Ed. 2d 36 (2017); *Bracken v. MH Pillars, Inc.*, No. 15-7302, 2016 U.S. Dist. LEXIS 180133, *8 (S.D.N.Y. Dec. 29, 2016) (Abrams, J.) (citing *Daimler* and holding "[t]ransacting business in a state does not make a company at home there."). On the contrary, a truly extraordinary circumstance must exist to subject a corporation to general jurisdiction in a

forum where it neither is incorporated nor maintains its principal place of business. *Brown*, 814 F.3d at 629 ("when a corporation is neither incorporated nor maintains its principal place of business in a state, mere contacts, no matter how 'systematic and continuous,' are extraordinarily unlikely to add up to an 'exceptional case.'").

The "textbook" case of such an extraordinary circumstance is *Perkins v. Benguet Consolidated Mining Company*, 342 U.S. 437, 72 S. Ct. 413, 96 L. Ed. 485 (1952). *See Goodyear*, 564 U.S. at 928; *In re Roman Catholic Diocese of Albany, N.Y.*, 745 F.3d 30, 39 (2d Cir. 2014). In *Perkins*, the defendant, which had been sued in Ohio, was a foreign Philippine corporation that had ceased all activities abroad. *In re Roman Catholic Diocese of Albany*, 745 F.3d 39 (citing *Perkins*, 342 U.S. at 447-48). At the time of suit, the defendant had moved its principal place of business to, and was only conducting business in, Ohio "because of wartime circumstances." *Id.*; *Brown*, 814 F.3d at 629. Given the "unusual circumstances" in *Perkins*, the U.S. Supreme Court allowed general jurisdiction. *Brown*, 814 F.3d at 629.

In contrast, the U.S. Supreme Court held there was no general jurisdiction in Montana over a Delaware corporation with its principal place of business in Texas that owned over 2,000 miles of railroad track and employed more than 2,000 people in Montana. *BNSF*, 137 S. Ct. at 1559. Similarly, there was no general jurisdiction in Maryland over a Delaware corporation with its principal place of business in Virginia that had its sector headquarters and 11,000 employees in Maryland. *Grabowski v. Northrop Grumman Sys. Corp.*, No. 16-3492, 2017 U.S. Dist. LEXIS 120750, *8 (D. Md. June 30, 2017). There also was no general jurisdiction in New York over a foreign bank that, *inter alia*, (i) maintained branches in New York City, was supervised by the New York State Department of Financial Services, and managed $14.8 billion in assets in New York, (ii) managed its wholly owned U.S. subsidiaries from New York City; (iii) constituted the

ninth largest banking group in the New York area; (iv) was listed on the New York Stock Exchange; (v) held executive meetings in New York; (vi) listed its New York City branch as its process agent; and (vii) had a chief executive listed as living in New York City. *In re Ruiz*, 342 F.Supp.3d 448, 456 (S.D.N.Y. 2018).

"[O]ut-of-state defendants" are permitted "'to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'" *Daimler*, 571 U.S. at 139 (citation omitted).  MI, MCO, and MCCS are structured so that they are not subject to all-purpose jurisdiction in New York.

MI is a holding company, the principal business activity of which consists of owning stock in a variety of corporations and other business entities. Watts Decl. ¶ 6. MI does not conduct any business other than that of a holding company. *Id.* Ohio is where MI's administrative, financial, operational, and management functions are conducted. *Id.* ¶ 5.  MI is a separate and distinct corporate entity from its subsidiaries. *Id.* ¶ 8.  MI maintains its books and records separate from MRHI, MCO, and MCCS. *Id.* MI does not control the day-to-day operations or marketing of MRHI, MCO, or MCCS. *Id.* Subsidiaries of MI own and operate the stores and other facilities within the MI corporate structure. *Id.* ¶ 9. MI itself does not own or operate any stores or other facilities in New York. *Id.*  MI does not own any real estate in New York. *Id.* ¶ 10. MI does not have any employees in New York or elsewhere. *Id.* ¶ 11. MI does not employ Chief Executive Officer Jeff Gennette, President Hal Lawton, Chief Human Resources Officer, Danielle Kirgan, Chief Financial Officer Paula Price, Chief Legal Officer Elisa Garcia, or Chief Stores Officer John Harper. *Id.*

MCO's administrative, financial, operational, and management functions are conducted in Mason, Ohio. *Id.* ¶ 20. MCO does not control the day-to-day operations or marketing of MI,

MRHI, or MCCS. *Id.* ¶ 22. MCO maintains its books and records separate from MI, MRHI, and MCCS. *Id.* ¶ 8. MCO is not registered to, and does not, conduct or solicit business in New York. *Id.* ¶ 23. MCO does not maintain a registered agent for service of process in New York. *Id.* ¶ 24. MCO does not have any offices in New York. *Id.* ¶ 25. MCO does not have any employees in New York. *Id.* ¶ 26. MCO does not own or operate any stores or other facilities or real estate in New York. *Id.* ¶ 27. MCO does not employ Chief Executive Officer Jeff Gennette, President Hal Lawton, Chief Human Resources Officer, Danielle Kirgan, Chief Financial Officer Paula Price, Chief Legal Officer Elisa Garcia, or Chief Stores Officer John Harper. *Id.* ¶ 28.

MCCS's administrative, financial, operational, and management functions are conducted in Mason, Ohio. *Id.* ¶ 30. MCCS does not control the day-to-day operations or marketing of MI or MRHI. *Id.* ¶ 32. MCCS maintains its books and records separate from MI, MRHI, and MCO. *Id.* ¶ 8. MCCS is not registered to, and does not, conduct or solicit business in New York. *Id.* ¶ 33. MCCS does not maintain a registered agent for service of process in New York. *Id.* ¶ 34. MCCS does not have any offices in New York. *Id.* ¶ 35. MCCS does not have any employees in New York. *Id.* ¶ 36. MCCS does not own or operate any stores or other facilities or real estate in New York. *Id.* ¶ 37. MCCS does not employ Chief Executive Officer Jeff Gennette, President Hal Lawton, Chief Human Resources Officer, Danielle Kirgan, Chief Financial Officer Paula Price, Chief Legal Officer Elisa Garcia, or Chief Stores Officer John Harper. *Id.* ¶ 38.

MI, MCO, and MCCS are not incorporated in New York, do not have their respective principal places of business in New York, and do not have operations in New York that are "so substantial and of such a nature" as to render those entities "at home" in New York. *Seiden*, 2017 U.S. Dist. LEXIS 91288 *6 (citing *Daimler*, 571 U.S. at 139 n.19). Accordingly, there is no general jurisdiction over MI, MCO, or MCCS in New York under CPLR § 301 or the Due

Process Clause of the Fourteenth Amendment.

**B.      This Court Lacks Specific Jurisdiction Over MI, MCCS, and MCO**

Specific jurisdiction must be established by each named plaintiff for each claim against each defendant. *Bristol-Myers Squibb*, 137 S. Ct. at 1783. *See also Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004) ("A plaintiff must establish the court's jurisdiction with respect to <u>each</u> claim asserted.") (emphasis in original).

**1.      This Court Lacks Specific Jurisdiction Over MI, MCCS, and MCO Pursuant to New York's Long-Arm Statute**

The First Amended Complaint makes the conclusory allegation that "Macy's" transacts business in New York. <u>First Amended Complaint ¶ 9.</u> Under New York's long-arm statute, "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state." *Eades*, 799 F.3d at 168 (citing N.Y. C.P.L.R. § 302(a)(1)). "'To establish personal jurisdiction under section 302(a)(1), two requirements must be met: (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity.'" *Id.* (citation omitted). "[A] defendant that transacts business in New York is only subject to suit in New York under § 302(a)(1) for causes of action that have a sufficient nexus to the New York business." *Thomas v. JP Morgan Chase, N.A.*, No. 11-3656, 2012 U.S. Dist. LEXIS 96131, *11-12 (E.D.N.Y. July 11, 2012). "There must be 'a "substantial relationship" . . . between a defendant's transactions in New York and a plaintiff's cause of action in order to satisfy the nexus requirement of [§ 302(a)].'" *Id.* (citation omitted).

**Fortune.** There is no relationship between Fortune's claims and any activity of MCO or MCCS in New York. MCO and MCCS do not have any offices, facilities, real estate, or employees in New York, and they are not registered to, and do not, conduct any business in New

York. <u>Watts Decl. ¶¶ 23-28, 33-38.</u> *See, e.g., Jones v. L-3 Commc'ns Integrated Sys., L.P.*, No. 15-6623, 2015 U.S. Dist. LEXIS 143216, *4 (S.D.N.Y. Oct. 21, 2015) (holding no specific jurisdiction existed over entity that had no employees, business, or real property in New York). Because MCO and MCCS do not conduct any business in New York, and because the second requirement of C.P.L.R. § 302(a)(1) is dependent on the first requirement, the requirements of C.P.L.R. § 302(a)(1) are not satisfied for Fortune's claims.

The second requirement of C.P.L.R. § 302(a)(1) also has not been satisfied because the jurisdictional allegations in the First Amended Complaint are insufficient. The allegations are insufficient because they are conclusory and improperly lump MI, MRHI, MCO, and MCCS together under the term "Macy's" and then allege, for example, that "Macy's" solicits, conducts, and transacts business in New York, "Macy's" asks job applicants in New York to authorize a criminal background check before extending a conditional offer of employment, "Macy's" has acted knowingly in breaching "its" duties under the NYCHRL, and "Macy's" has violated the NYCHRL in different ways. <u>First Amended Complaint ¶¶ 3-5, 9-10, 50, 108-109, 135-138, 140-143, 145-148.</u> Specific jurisdiction must be established by each named plaintiff for each claim against each defendant through specific factual allegations, and using conclusory statements and lumping defendants together and referring to them under a collective term (as the First Amended Complaint does) fails to establish specific jurisdiction over each defendant. *See Tera Grp., Inc. v. Citigroup, Inc.*, No. 17-4302, 2018 U.S. Dist. LEXIS 169625, *8-9 (S.D.N.Y. Sept. 28, 2018) (holding group pleading is insufficient to establish personal jurisdiction over multiple defendants); *Deitrick v. Gypsy Guitar Corp.*, No. 16-616, 2016 U.S. Dist. LEXIS 179481, *13 (S.D.N.Y. Dec. 28, 2016) (holding conclusory allegations are insufficient to establish a prima facie showing of personal jurisdiction); *Jin v. EBI, Inc.*, No. 05-4201, 2008 U.S. Dist. LEXIS

25331, *4-5 (E.D.N.Y. Mar. 28, 2008) ("Conclusory allegations…'particularly those stated only upon 'information and belief,'' are insufficient to establish that the court has personal jurisdiction over the defendant."). The First Amended Complaint does not plead facts showing that Fortune's claims arise from business activity that MCO and MCCS each conducted in New York.  Accordingly, the second requirement of C.P.L.R. § 302(a)(1) has not been satisfied.

Because MCO and MCCS do not conduct business in New York, and because the First Amended Complaint does not plead facts showing that Fortune's claims arise from business activity that MCO and MCCS each conducted in New York, the requirements of C.P.L.R. § 302(a)(1) have not been satisfied and this Court lacks specific jurisdiction over MCO and MCCS with regard to Fortune's claims.

**Rolfer.** There also is no relationship between Rolfer's FCRA claim and any activity of MI, MCO, or MCCS in New York. In a purported class action (like Rolfer's FCRA claim), "personal jurisdiction is based on a defendant's contacts with the forum state and actions giving rise to the named plaintiffs' causes of action . . . Contacts with unnamed class members may not be used as a jurisdictional basis". *Gonzelez v. Costco Wholesale Corp.*, No. 16-2590, 2018 U.S. Dist. LEXIS 171000, *21-22 (E.D.N.Y. Sept. 29, 2018). *See also Daniel v. Tootsie Roll Indus., LLC*, No. 17-7541, 2018 U.S. Dist. LEXIS 129143, *19 (S.D.N.Y. Aug. 1, 2018) ("When the action is brought as a purported class action, personal jurisdiction over each defendant is assessed with respect to the named plaintiffs' causes of action."). Rolfer, who now lives in Minnesota, alleges that her FCRA claim arises out of her application for, and ultimate termination from, a job at a "Macy's" call center in Clearwater, Florida. First Amended Complaint ¶¶ 29-30, 61, 74.

The requirements of C.P.L.R. § 302(a)(1) are not satisfied as to MCO and MCCS for Rolfer's FCRA claim. As noted above, MCO and MCCS do not have any offices, facilities, real estate, or employees in New York, and they are not registered to, and do not, conduct any business in New York. Watts Decl. ¶¶ 23-28, 33-38. Moreover, the First Amended Complaint does not allege that the representatives with whom Rolfer purportedly communicated were even in New York, and the complaint fails to mention that the letters Rolfer received (First Amended Complaint ¶¶ 75-76) were mailed to her from Ohio, not New York. August 22, 2019 Declaration of De-Ajura Mathenia ("Mathenia Decl.") ¶¶ 8-9. The allegations in the First Amended Complaint related to Rolfer's FCRA claim also are conclusory and lump all of the defendants together rather than pleading jurisdictional facts specific as to MCO and MCCS. First Amended Complaint ¶¶ 29-30, 61-78, 115-127, 150-158. Because MCO and MCCS do not conduct any business in New York, and because the First Amended Complaint does not plead facts showing that Rolfer's FCRA claim arises from business activity that MCO and MCCS each conducted in New York, the requirements of C.P.L.R. § 302(a)(1) are not satisfied as to MCO and MCCS for Rolfer's FCRA claim.

The requirements of C.P.L.R. § 302(a)(1) also are not satisfied as to MI for Rolfer's FCRA claim. MI is simply a holding company that owns stock in a variety of corporations and other business entities and does not conduct any business other than that of a holding company. Watts Decl. ¶ 6. MI does not own or operate any stores or other facilities either in New York or elsewhere (including the call center in Clearwater, Florida where Rolfer applied for employment). Id. ¶ 9. MI also does not have any employees, and thus the alleged representatives with whom Rolfer purportedly communicated (First Amended Complaint ¶¶ 63-65, 68-74) were not employed by MI. Watts Decl. ¶ 11. Furthermore, Chief Executive Officer Jeff Gennette,

President Hal Lawton, Chief Human Resources Officer, Danielle Kirgan, Chief Financial Officer Paula Price, Chief Legal Officer Elisa Garcia, and Chief Stores Officer John Harper are not involved with criminal history screenings or procuring background reports for employees or job applicants of Macy's-related subsidiaries. Mathenia Decl. ¶¶ 4-5. Accordingly, Rolfer's FCRA claim does not arise out of any activity by MI in New York.

As shown above, Plaintiffs' claims do not arise from any activity of MI, MCO, or MCCS in New York, and therefore the New York long-arm statute does not allow for the exercise of personal jurisdiction over MI, MCO, or MCCS for those claims. *See, e.g., Casville Invs., Ltd. v. Kates*, No. 12-6968, 2013 U.S. Dist. LEXIS 95426, *25-26 (S.D.N.Y. July 8, 2013) (Abrams, J.) (holding Court lacked personal jurisdiction over defendants because there was no substantial relationship between plaintiffs' claims and defendants' activity in New York). Because there is no specific jurisdiction under New York's long-arm statute, Fortune's claims against MCO and MCCS, and Rolfer's FCRA claim against MI, MCO, and MCCS, must be dismissed under Rule 12(b)(2).

## 2.    This Court Lacks Specific Jurisdiction Over MI, MCCS, and MCO Pursuant to the Due Process Clause of the Fourteenth Amendment

Under the Due Process Clause of the Fourteenth Amendment, "[t]he inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on 'the relationship among the defendant, the forum, and the litigation.''" *Walden v. Fiore*, 571 U.S. 277, 283-84, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014) (citations omitted). "'[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (citing *Goodyear*, 564 U.S. at 919). "In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an]

11

activity or an occurrence that takes place in the forum State." *Id.* at 1781 (citing *Goodyear*, 564 U.S. at 919). *See also Walden*, 571 U.S. at 284 ("For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State."). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb*, 137 S. Ct. at 1781.

There is no connection between Fortune's claims and any activity of MCO or MCCS in New York. MCO and MCCS do not have any offices, facilities, real estate, or employees in New York, and they are not registered to, and do not, conduct any business in New York. Watts Decl. ¶¶ 23-28, 33-38. Furthermore, the First Amended Complaint does not adequately allege that there is any connection between Fortune's claims and either MCO or MCCS. Instead, as shown above (*supra* pp. 8-9), the First Amended Complaint improperly lumps MI, MRHI, MCO, and MCCS together, calls them "Macy's," and then makes conclusory allegations about "Macy's." Accordingly, with regard to Fortune's claims, Plaintiffs have failed to establish a prima facie case of personal jurisdiction over MCO and MCCS pursuant to the Due Process Clause.

There also is no connection between Rolfer's FCRA claim and any activity of either MI, MCO, or MCCS in New York.  MCO and MCCS do not have any offices, facilities, real estate, or employees in New York, and they are not registered to, and do not, conduct any business in New York. Watts Decl. ¶¶ 23-28, 33-38. MI is simply a holding company, does not conduct any business other than that of a holding company, does not have any employees, and does not own or operate any stores or other facilities in New York or elsewhere (including the call center in Clearwater, Florida where Rolfer applied for employment). *Id.* ¶¶ 6, 9, 11. There simply is no connection between Rolfer's FCRA claim and any activity of MI, MCO, or MCCS in New York.

Moreover, as with Fortune's claims, Rolfer's FCRA claim improperly lumps MI, MRHI, MCO, and MCCS together, calls them "Macy's," and then makes conclusory allegations about "Macy's." Accordingly, for Rolfer's FCRA claim, Plaintiffs have failed to establish a prima facie case of personal jurisdiction over MI, MCO, and MCCS pursuant to the Due Process Clause.

As shown above, the Court lacks personal jurisdiction over MI for Rolfer's FCRA claim and therefore that claim should be dismissed as to MI under Rule 12(b)(2). Further, as shown above, the Court lacks personal jurisdiction over MCO and MCCS for all of Plaintiffs' claims, and therefore all claims against MCO and MCCS should be dismissed under Rule 12(b)(2).

## II.
## THE FIRST AMENDED COMPLAINT MUST BE DISMISSED UNDER RULE 12(b)(6) BECAUSE IT DOES NOT SATISFY RULE 8(a)(2)

Rule 8(a)(2) requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "In order to comply with Rule 8, '[a] complaint should offer 'specification' as to the 'particular activities by any particular defendant…'" *Harris v. NYU Langone Med. Ctr.*, No. 12-0454, 2013 U.S. Dist. LEXIS 99328, *26 (S.D.N.Y. July 9, 2013) (citing *Am. Sales Co. v. Astrazeneca AB*, No. 10-6062, 2011 U.S. Dist. LEXIS 41182, *14 (S.D.N.Y. Apr. 14, 2011)), *adopted by* 2013 U.S. Dist. LEXIS 139622 (S.D.N.Y. Sept. 27, 2013) (Abrams, J.). "'Rule 8(a) also requires that a complaint against multiple defendants indicate clearly the defendants against whom relief is sought and the basis upon which the relief is sought against the particular defendants.'" *Id.* (citing *Martin v. City of New York*, No. 07-7384, 2008 U.S. Dist. LEXIS 33946, *3 (S.D.N.Y. Apr. 23, 2008)). "'Rule 8(a) is violated where a plaintiff, by engaging in group pleading, fails to give each defendant fair notice of the claims against it.'" *Laboratorios Rivas, SRL v. Ugly & Beauty, Inc.*, No. 11-5980, 2013 U.S. Dist. LEXIS 161188, *15 (S.D.N.Y. Nov. 12, 2013), *adopted by* 2014 U.S. Dist.

LEXIS 2624 (S.D.N.Y. Jan. 8, 2014) (Abrams, J.). *See also Amiron Dev. Corp. v. Sytner*, No. 12-3036, 2013 U.S. Dist. LEXIS 47033, *15-16 (E.D.N.Y. Mar. 29, 2013) (holding "'group pleading' fails to give each defendant fair notice of the claims against it" and "thus, fails to satisfy [] the notice-pleading requirements of Rule 8").

The First Amended Complaint does not specify the particular activities by each of the defendants that allegedly subject each to liability for each of the claims for relief. Instead, the First Amended Complaint just lumps the defendants together and refers to them collectively as "Macy's" throughout the complaint. This is insufficient and does not provide MI, MRHI, MCO, and MCCS each with notice about the allegations specific to each defendant.

For example, the First Amended Complaint alleges that "Fortune participants" "have applied to various positions" at "Macy's," have gone through the interviewing process at "Macy's," and "some have even been hired" by "Macy's," but "Macy's" then refused to consider the Fortune participants either for employment or "continued employment." First Amended Complaint ¶ 56. The complaint further alleges that Fortune "has expended time and resources" helping "participants" who were "rejected or terminated" by "Macy's" or otherwise might have applied to "Macy's." Id. ¶ 28. The complaint then bases its claims for relief on these alleged denials of employment to Fortune's "participants." Id. ¶¶ 130-132, 135-137, 140-142. Similarly, the complaint alleges that "Macy's" asks applicants to authorize a criminal background check before extending a conditional offer of employment and that as a result "Fortune participants" have been deprived of "their rights". Id. ¶ 145-147.  However, there are no facts supporting these allegations that are specific to each of the defendants. Who are the "Fortune participants" who applied for and were interviewed for which positions with which of the defendants and were later rejected for employment? Who are the "Fortune participants" who were hired by which of the

14

defendants and later rejected from continued employment? Who are the "Fortune participants" who did not receive a conditional offer of employment from which of the defendants? Who are the "participants" who Fortune had to spend "time and resources" helping because they were "rejected or terminated" by which of the defendants?  Fortune knows this information, and MI, MRHI, MCO, and MCCS each need their entity-specific information to prepare their respective defenses against Fortune's complicated claims. This is especially true for MCO and MCCS, which do not conduct any business anywhere near New York and likely would not be receiving applications from NYC residents, and which therefore strongly question how they could be subject to claims under the NYCHRL. *See Vangas v. Montefiore Med. Ctr.*, 823 F.3d 174, 183 (2d Cir. 2016) ("Under the NYCHRL the impact of the employment action must be felt by the plaintiff in NYC."); *Wahlstrom v. Metro-North Commuter R.R. Co.*, 89 F.Supp.2d 506, 527 (S.D.N.Y. 2000) ("the NYCHRL only applies where the actual impact of the discriminatory conduct or decision is felt within the five boroughs"). This also is especially true for MI, which does not have any employees and therefore strongly questions who would even be applying for employment directly with MI.

The First Amended Complaint engages in the same impermissible group pleading for Rolfer's FCRA claim. First Amended Complaint ¶¶ 6, 29-31, 61-78, 115-127, 150-158.

"Mere generalizations as to any particular defendant – or even defendants as a group – are insufficient. The fact that two separate legal entities may have a corporate affiliation – perhaps owned by the same holding company – does not alter this pleading requirement. Nor is it sufficient for plaintiffs to simply state in conclusory terms that separate legal entities are 'sometimes collectively referred to' by a shared generic name." *In re Zinc Antitrust Litig.*, 155 F.Supp.3d 337, 384 (S.D.N.Y. 2016) (citation omitted). "Plaintiffs must be able to separately

state a claim against each and every defendant joined in this lawsuit." *Id.* The First Amended Complaint fails to state sufficient claims against MI, MRHI, MCO, and MCCS because the complaint fails to plead the facts and allegations supporting liability that are specific to each defendant. Accordingly, the First Amended Complaint violates Rule 8(a) and should be dismissed with prejudice.

**III.**
**CONCLUSION**

Defendant Macy's, Inc. is not subject to personal jurisdiction in this Court for Rolfer's FCRA claim, and Defendants Macy's Credit Operations, Inc. and Macy's Credit and Customer Services, Inc. are not subject to personal jurisdiction in this Court for any of the Plaintiffs' claims.  Accordingly, those claims must be dismissed pursuant to Rule 12(b)(2).

Furthermore, all of Plaintiffs' claims against Defendants Macy's, Inc., Macy's Retail Holdings, Inc., Macy's Credit and Customer Services, Inc., and Macy's Credit Operations, Inc. fail to satisfy the pleading requirements of Rule 8(a), and therefore the First Amended Complaint should be dismissed in its entirety with prejudice pursuant to Rule 12(b)(6).

Respectfully submitted,

By:      *s/ Steven Gerber*
Steven Gerber, Esq.
Ola A. Nunez, Esq.
SCHOEMAN UPDIKE KAUFMAN
& GERBER LLP
551 Fifth Avenue, 12th Floor
New York, NY 10176
T: (212) 661-5030
Email: sgerber@schoeman.com
Email: onunez@schoeman.com

*Attorneys for Defendants,*
*Macy's, Inc, Macy's Retail Holdings, Inc.,*
*Macy's Credit Operations, Inc., and*
*Macy's Credit and Customer Services, Inc.*