UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE FORTUNE SOCIETY, INC., on behalf of itself and its participants, and MICHAEL CLARK, on behalf of himself and all others similarly situated,

        Plaintiff,

  v.

MACY'S, INC., MACY'S RETAIL HOLDINGS, INC. d/b/a MACY'S, and MACY'S CORPORATE SERVICES, INC.,

        Defendants.

Case No. 1:19-cv-05961-RA

CLASS ACTION

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MACY'S, INC.'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**

---

Steven Gerber, Esq.
Ola A. Nunez, Esq.
SCHOEMAN UPDIKE KAUFMAN
& GERBER LLP
551 Fifth Avenue, 12th Floor
New York, NY 10176
T: (212) 661-5030
Email: sgerber@schoeman.com
Email: onunez@schoeman.com

Betty Thorne Tierney, Esq.
Michael C. Christman, Esq.
Macy's Law Department
11477 Olde Cabin Road, Suite 400
St. Louis, MO 63141
T: (314) 342-6728
T: (314) 342-6334
Email: betty.tierney@macys.com
Email: michael.christman@macys.com

*Attorneys for Defendants
Macy's, Inc, Macy's Retail Holdings, Inc.,
And Macy's Corporate Services, Inc.*

Dated: October 21, 2019

## **TABLE OF CONTENTS**

I.     THE THIRD AMENDED COMPLAINT MUST BE DISMISSED AS TO MACY'S, INC. BECAUSE THE COMPLAINT DOES NOT SATISFY RULE 8(a)(2)....................1

II.    CONCLUSION............................................................................................................5

## **TABLE OF AUTHORITIES**

**Cases**

*Am. Sales Co. v. Astrazeneca AB*, No. 10-6062,
    2011 U.S. Dist. LEXIS 41182 (S.D.N.Y. Apr. 14, 2011) ..................................................... 1

*Amiron Dev. Corp. v. Sytner*, No. 12-3036,
    2013 U.S. Dist. LEXIS 47033 (E.D.N.Y. Mar. 29, 2013) ................................................... 1

*Green v. Mo. Pac. R.R. Co.*,
    523 F.2d 1290 (8th Cir. 1975) ............................................................................................. 3

*Harris v. NYU Langone Med. Ctr.*, No. 12-0454,
    2013 U.S. Dist. LEXIS 99328 (S.D.N.Y. July 9, 2013),
    *adopted by* 2013 U.S. Dist. LEXIS 139622 (S.D.N.Y. Sept. 27, 2013) (Abrams, J.) ......... 1

*In re Zinc Antitrust Litig.*,
    155 F.Supp.3d 337 (S.D.N.Y. 2016) ................................................................................... 2

*Laboratorios Rivas, SRL v. Ugly & Beauty, Inc.*, No. 11-5980,
    2013 U.S. Dist. LEXIS 161188 (S.D.N.Y. Nov. 12, 2013),
    *adopted by* 2014 U.S. Dist. LEXIS 2624 (S.D.N.Y. Jan. 8, 2014) (Abrams, J.) ................ 1

*Martin v. City of New York*, No. 07-7384,
    2008 U.S. Dist. LEXIS 33946 (S.D.N.Y. Apr. 23, 2008) ................................................... 1

*Phillips v. Long Island R.R. Co.*, No. 13-7317,
    2019 U.S. Dist. LEXIS 35285 (E.D.N.Y. Mar. 4, 2019) ................................................... 3

Defendant Macy's, Inc. files this memorandum in support of its motion to dismiss the Third Amended Complaint [Doc. 56] ("Complaint") filed by Plaintiffs The Fortune Society, Inc. ("Fortune") and Michael Clark ("Clark") (collectively, "Plaintiffs") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).

## I.
## THE THIRD AMENDED COMPLAINT MUST BE DISMISSED AS TO MACY'S, INC. BECAUSE THE COMPLAINT DOES NOT SATISFY RULE 8(a)(2)

Rule 8(a)(2) requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "In order to comply with Rule 8, '[a] complaint should offer 'specification' as to the 'particular activities by any particular defendant…'" *Harris v. NYU Langone Med. Ctr.*, No. 12-0454, 2013 U.S. Dist. LEXIS 99328, *26 (S.D.N.Y. July 9, 2013) (citing *Am. Sales Co. v. Astrazeneca AB*, No. 10-6062, 2011 U.S. Dist. LEXIS 41182, *14 (S.D.N.Y. Apr. 14, 2011)), *adopted by* 2013 U.S. Dist. LEXIS 139622 (S.D.N.Y. Sept. 27, 2013) (Abrams, J.). "'Rule 8(a) also requires that a complaint against multiple defendants indicate clearly the defendants against whom relief is sought and the basis upon which the relief is sought against the particular defendants.'" *Id.* (citing *Martin v. City of New York*, No. 07-7384, 2008 U.S. Dist. LEXIS 33946, *3 (S.D.N.Y. Apr. 23, 2008)). "'Rule 8(a) is violated where a plaintiff, by engaging in group pleading, fails to give each defendant fair notice of the claims against it.'" *Laboratorios Rivas, SRL v. Ugly & Beauty, Inc.*, No. 11-5980, 2013 U.S. Dist. LEXIS 161188, *15 (S.D.N.Y. Nov. 12, 2013), *adopted by* 2014 U.S. Dist. LEXIS 2624 (S.D.N.Y. Jan. 8, 2014) (Abrams, J.). *See also Amiron Dev. Corp. v. Sytner*, No. 12-3036, 2013 U.S. Dist. LEXIS 47033, *15-16 (E.D.N.Y. Mar. 29, 2013) (holding "'group pleading' fails to give each defendant fair notice of the claims against it" and "thus, fails to satisfy [] the notice-pleading requirements of Rule 8").

1

"Mere generalizations as to any particular defendant – or even defendants as a group – are insufficient. The fact that two separate legal entities may have a corporate affiliation – perhaps owned by the same holding company – does not alter this pleading requirement. Nor is it sufficient for plaintiffs to simply state in conclusory terms that separate legal entities are 'sometimes collectively referred to' by a shared generic name." *In re Zinc Antitrust Litig.*, 155 F.Supp.3d 337, 384 (S.D.N.Y. 2016) (citation omitted). "Plaintiffs must be able to separately state a claim against each and every defendant joined in this lawsuit." *Id.*

The Complaint does not satisfy the foregoing standard because it does not specify the particular actions by Macy's, Inc. that allegedly subject it to liability for each of the claims for relief. Indeed, the Complaint alleges very few facts about Macy's, Inc. The Complaint alleges that Macy's, Inc. is the holding company for its subsidiaries, including defendants Macy's Retail Holdings, Inc. ("MRHI") and Macy's Corporate Services, Inc. ("MCS"). Complaint ¶ 33. The Complaint further alleges that Plaintiff Clark received an email from Macy's, Inc. informing him that he failed to satisfy "Macy's" minimum requirements. Complaint ¶ 62. The Complaint also makes the conclusory allegation, "upon information and belief," that either Macy's, Inc. or MCS is responsible for the creation and oversight of employment policies implemented in New York. Complaint ¶¶ 14, 35, 42. Otherwise, the Complaint just lumps Macy's, Inc. together with MRHI and MCS and refers to them collectively as "Macy's" or "Defendants" throughout the complaint. This is insufficient and does not provide Macy's, Inc. with notice about the allegations specific to it for each of the claims in the Complaint.

For the First and Second Claims for Relief (Fortune's Title VII and NYCHRL disparate impact claims), the Complaint collectively alleges that "Defendants'" criminal history screening policies have a disparate impact and are not job related or consistent with business necessity.

Complaint ¶¶ 105, 110. The Complaint further collectively alleges that "Defendants" use the applicants' criminal history to deny employment, revoke offers, and terminate employment and fail to consider mitigating circumstances and evidence of rehabilitation. Complaint ¶¶ 50-51. As shown above, such collective pleading does not comply with Rule 8(a). Moreover, the Complaint does not allege facts against Macy's, Inc. that support Fortune's disparate impact claims. For example, the Complaint does not allege that Macy's, Inc. obtains and adjudicates criminal history records of employees and job applicants; instead, the Complaint alleges that MCS performs that function. Complaint ¶ 43. The Complaint also does not allege that any Fortune participants (or anyone else) specifically applied for employment with Macy's, Inc. or that Macy's, Inc. itself specifically employed anyone or excluded anyone from employment.[1] On the contrary, MRHI is the only defendant with whom Fortune alleges its participants applied for employment and that Fortune alleges actually offers job opportunities to applicants. Complaint ¶¶ 26, 45-46, 54. In short, the allegations in the Complaint pertaining to Fortune's disparate impact claims against Macy's, Inc. are collective and conclusory in nature, and such allegations are insufficient to satisfy Rule 8(a). Accordingly, Fortune's First and Second Claims for Relief fail to state valid claims against Macy's, Inc. and those claims should be dismissed with prejudice.

The same problem exists with Fortune's Third Claim for Relief (Discriminatory Denial and Termination of Employment under the NYCHRL). That claim alleges that "Defendants" denied employment to Fortune's participants based on their criminal history information and

---

[1] Disparate impact claims are proven through statistical evidence. *Phillips v. Long Island R.R. Co.*, No. 13-7317, 2019 U.S. Dist. LEXIS 35285, *43 (E.D.N.Y. Mar. 4, 2019). A prima facie case of disparate impact can be established statistically in three ways, all of which involve either data showing exclusion from employment or data related to actual employment. *See Green v. Mo. Pac. R.R. Co.*, 523 F.2d 1290, 1293-94 (8th Cir. 1975).

failed to weigh the Article 23-A factors before doing so. Complaint ¶¶ 115-116. However, again, the Complaint alleges that Fortune's participants applied for employment with MRHI (not Macy's, Inc.), and that MCS (not Macy's, Inc.) obtains and adjudicates the criminal history records of employees and job applicants. Complaint ¶¶ 26, 43, 45-46, 54. There are no facts in the Complaint showing that Macy's, Inc. – the parent and holding company of MRHI and MCS (Complaint ¶ 33) – actually denied employment to, or was involved with an analysis of the Article 23-A factors for, a Fortune (or any other) applicant. Accordingly, Fortune's Third Claim for Relief fails to state a valid claim against Macy's, Inc. and that claim should be dismissed with prejudice.

Plaintiffs' Fourth Claim for Relief also fails to satisfy Rule 8(a). That claim alleges that "Defendants" violated the New York City Fair Chance Act ("FCA") by asking applicants to authorize a criminal background check before extending a conditional offer of employment. Complaint ¶¶ 120-121. However, apart from an allegation that Plaintiff Clark received an email indicating that he did not satisfy one or more of "Macy's" requirements, there are no facts supporting that Macy's, Inc. had anything to do with the alleged violations of the FCA. On the contrary, the Complaint alleges that it is MRHI that (i) offers job opportunities in, and otherwise operates, the Macy's-branded retail stores where Plaintiff Clark and other Fortune participants applied (Complaint ¶¶ 1, 28, 43, 54), (ii) rejected and terminated Fortune's participants from employment (Complaint ¶ 26), (iii) provides the "online job application [that] asks applicants to authorize a criminal background check before [MRHI] extends a conditional offer of employment" (Complaint ¶ 46), and (iv) "rejects applicants who decline to consent to a background check at the outset of the employment application process" (Complaint ¶ 47). Because the Complaint fails to plead facts sufficient to establish that Macy's, Inc. violated the

4

FCA, Plaintiffs' Fourth Claim for Relief fails to state a valid claim for relief against Macy's, Inc. Accordingly, Plaintiffs' Fourth Claim for Relief should be dismissed with prejudice.

## II.
## CONCLUSION

The Complaint fails to state sufficient claims for relief against Macy's, Inc. because it fails to plead facts and allegations supporting liability that are specific to Macy's, Inc. Accordingly, the Complaint fails to comply with Rule 8(a) and should be dismissed with prejudice as to Macy's, Inc.

Respectfully submitted,

By:    _s/ Steven Gerber_
Steven Gerber, Esq.
Ola A. Nunez, Esq.
SCHOEMAN UPDIKE KAUFMAN
& GERBER LLP
551 Fifth Avenue, 12th Floor
New York, NY 10176
T: (212) 661-5030
Email: sgerber@schoeman.com
Email: onunez@schoeman.com

*Attorneys for Defendants*
*Macy's, Inc, Macy's Retail Holdings, Inc., and*
*Macy's Corporate Services, Inc.*