UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE FORTUNE SOCIETY, INC., on behalf of itself and its participants, and MICHAEL CLARK, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>MACY'S, INC., MACY'S RETAIL HOLDINGS, INC. d/b/a MACY'S, and MACY'S CORPORATE SERVICES, INC.,<br><br>    Defendants. | Case No. 1:19-cv-05961-RA<br><br>CLASS ACTION |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MACY'S, INC.'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**

Steven Gerber, Esq.
Ola A. Nunez, Esq.
SCHOEMAN UPDIKE KAUFMAN
& GERBER LLP
551 Fifth Avenue, 12th Floor
New York, NY 10176
T: (212) 661-5030
Email: sgerber@schoeman.com
Email: onunez@schoeman.com

Betty Thorne Tierney, Esq.
Michael C. Christman, Esq.
Macy's Law Department
11477 Olde Cabin Road, Suite 400
St. Louis, MO 63141
T: (314) 342-6728
T: (314) 342-6334
Email: betty.tierney@macys.com
Email: michael.christman@macys.com

*Attorneys for Defendants*
*Macy's, Inc, Macy's Retail Holdings, Inc.,*
*And Macy's Corporate Services, Inc.*

Dated: November 11, 2019

## **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

ARGUMENT........................................................................................................................1

    A.       Corporate Proximity..........................................................................................1

    B.       Allegations Against Macy's, Inc........................................................................2

    C.       Request for Leave to Replead ...........................................................................3

CONCLUSION.....................................................................................................................4

# TABLE OF AUTHORITIES

**Cases**

*Am. Sales Co. v. Astrazeneca AB*, No. 10-6062,
  2011 U.S. Dist. LEXIS 41182 (S.D.N.Y. Apr. 14, 2011)......................................................3

*Amiron Dev. Corp. v. Sytner*, No. 12-3036,
  2013 U.S. Dist. LEXIS 47033 (E.D.N.Y. Mar. 29, 2013) ................................................. 3

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)...................................................3

*Cruz v. TD Bank, N.A.*,
  742 F.3d 520 (2nd Cir. 2013)..............................................................................................4

*In re Zinc Antitrust Litig.*,
  155 F.Supp.3d 337 (S.D.N.Y. 2016).............................................................................1, 3

*Phillips v. Long Island R.R. Co.*, No. 13-7317,
  2019 U.S. Dist. LEXIS 35285 (E.D.N.Y. Mar. 4, 2019)
  *report and recommendation adopted in*
  *Phillips v. Long Island Rail Rd. Co.*, No. 13-7317,
  2019 U.S. Dist. LEXIS 50888 (E.D.N.Y. Mar. 25, 2019)...................................................2

**Rules**

8................................................................................................................................... *passim*

8(a) ......................................................................................................................................4

## INTRODUCTION

Plaintiffs' Opposition to Defendant Macy's, Inc.'s Motion to Dismiss the Third Amended Complaint makes little more than a "guilt by association" argument. Plaintiffs cannot predicate claims against Macy's, Inc. on the actions of other parties and must allege facts related to Macy's, Inc.'s conduct that establish actionable claims. Plaintiffs, however, have not and cannot. In truth, Plaintiffs' superficial claims have no factual support; speculation and conclusory allegations are all the Plaintiffs have to offer. This court should dismiss all claims against Macy's, Inc. in the Third Amended Complaint.

As for the request that Plaintiff should be allowed to replead if the Court dismisses the claims against Macy's, Inc., that should be denied for the reasons set forth below.

## ARGUMENT

### A.   Corporate Proximity

The crux of Plaintiffs' argument is that Macy's, Inc. is the parent company of Macy's Retail Holdings, Inc. ("MRHI") and Macy's Corporate Services, Inc. ("MCS"), and this relationship in some way demonstrates culpability by Macy's, Inc.  Plaintiffs are wrong. The case law is clear that the corporate separateness of the Defendant entities is to be respected. Macy's, Inc. is not liable and/or subject to suit because of the alleged actions of MRHI and MCS. In fact, as noted by the district court in *In re Zinc Antitrust Litigation*, 155 F.Supp.3d 337, 384 (S.D.N.Y. 2016), only in rare circumstances can the "corporate form" be disregarded so as to hold one corporate entity responsible for the actions of another.  "[C]onclusory allegations of dominance and control will not suffice to defeat a motion to dismiss." *Id.* That Defendants are grouped by a single name (i.e., Macy's) does not change the analysis.  *See id.* Plaintiffs have to state a separate claim against each defendant.  *See id.* Corporate proximity alone is not enough.

1

*See id.*

B.  **Allegations Against Macy's, Inc.[1]**

As noted in the Third Amended Complaint ("TAC"), Macy's, Inc. is simply a holding company "for all of the Macy's and Bloomingdale's corporate entities." TAC ¶ 33. As such, it is no surprise that MRHI and MCS are wholly-owned subsidiaries of Macy's, Inc. That relationship however, does not mean that Macy's, Inc. has any connection to, or responsibility for, the alleged actions of MRHI and MCS – the actions that are the basis for the current litigation.

The only pseudo factual allegation in the TAC against Macy's, Inc. is the Plaintiffs' speculation that Macy's, Inc. creates and oversees employment policies.  While it is not clear what "overseeing" an employment policy entails, it is clear from the unsubstantiated allegation that Plaintiffs are guessing. Moreover, creating and "overseeing" policies is not a sufficient factual basis for a claim against Macy's, Inc. The primary focus of the complaint is disparate impact.  To prove a disparate impact case, Plaintiff must prove "a facially neutral employment policy or practice" had a "significant disparate impact" on the protected class. *Phillips v. Long Island R.R. Co.*, No. 13 Civ. 7317 (JS) (ARL), 2019 U.S. Dist. LEXIS 35285 at *42 (E.D.N.Y. Mar. 4, 2019), *report and recommendation adopted in Phillips v. Long Island Rail Rd. Co.*, No. 13 Civ. 7317 (JS) (ARL), 2019 U.S. Dist. LEXIS 50888 (E.D.N.Y. Mar. 25, 2019). Therefore, the allegation against Macy's, Inc. is that it created and oversaw the creation of a facially valid policy. Something more is clearly needed under Rule 8 if Plaintiffs hope to state a valid cause of action against Macy's, Inc.

Plaintiffs also argue that Macy's, Inc. is included in the general allegations that pertain to Defendants. Once again, however, the case law presents substantial obstacles to this argument.

---

[1]  Plaintiffs' efforts to distinguish cases cited by Defendant Macy's, Inc. are unavailing. All that argument proves is that this issue is fact-specific.  The court must consider the facts of each situation so as to determine if the

Macy's, Inc. is entitled to sufficient notice of the claims against it such that it can develop its defense. "Group pleading" fails to satisfy the requirements of Rule 8 as it does not give each defendant fair notice of the claims against it. *Amiron Dev. Corp. v. Sytner,* No. 12 Civ. 3036 (JS) (ETB), 2013 U.S. Dist. LEXIS 47033 at *15 (E.D.N.Y. Mar. 29, 2013); *see also In re Zinc Antitrust Litigation*, *supra*, 155 F.Supp.3d at 384 (finding each defendant is entitled to know what it is that it is alleged to have done wrong.). Plaintiffs' "group pleading" fails to provide Defendant Macy's, Inc. with the proper notice of what it has done that is actionable.

To avoid a motion to dismiss, Plaintiffs "must provide the grounds upon which the claims rest, through factual allegations sufficient to raise a right to relief above the speculative level." *Am. Sales Co. v. AstraZeneca AB,* No. 10 Civ. 6062 (PKC), 2011 U.S. Dist. LEXIS 41182 at *5 (S.D.N.Y. Apr. 14, 2011) (quoting the United States Supreme Court in *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544, 555). The court must be able to conclude from the facts that the defendant may be liable for the conduct alleged, and those facts must be pled at the outset; Rule 8 does not allow Plaintiffs to "unlock the doors of discovery" without sufficient factual allegations in the Complaint for each defendant and for each cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). What is required is more than just a sheer possibility that the defendant has acted unlawfully. *See Am. Sales*, 2011 U.S. Dist. LEXIS 41182 at *5, citing *Ashcroft,* 556 U.S. at 677-78.

Plaintiffs have failed to meet the requirements of Rule 8 as to Defendant Macy's, Inc.

C.  **Request for Leave to Replead**

As for the request that Plaintiffs should be allowed to replead if the Court dismisses the claims against Macy's, Inc., that request should be denied. Plaintiffs have already made *four*

---

requirements of Rule 8 have been met.

3

attempts to plead claims against Macy's, Inc. Despite numerous chances, Plaintiffs have not succeeded in properly alleging a cause of action against Macy's, Inc. because there are no facts to allege. One more chance will not change that. Indeed, in their opposition, Plaintiffs do not state how they would change their Complaint as to Macy's, Inc. so that the Complaint would comply with Rule 8. They have not because they cannot. The cases cited by Plaintiffs do not aid them on this issue. In particular, in *Cruz v. TD Bank, N.A*., 742 F.3d 520, 523 (2nd Cir. 2013), the court noted that while it is the usual practice to allow leave to replead after granting a motion to dismiss, it is not mandatory. The decision rests entirely with the discretion of the trial court. As noted above, Plaintiffs have had four chances to plead valid claims against Macy's, Inc., but they have repeatedly failed to comply with Rule 8. Accordingly, Plaintiffs' claims against Macy's, Inc. should be dismissed with prejudice.

## **CONCLUSION**

The Third Amended Complaint fails to state sufficient claims for relief against Macy's, Inc. because it fails to plead facts and allegations supporting liability that are specific to Macy's, Inc. Accordingly, the Third Amended Complaint fails to comply with Rule 8(a) and should be dismissed with prejudice as to Macy's, Inc. Plaintiffs' request for leave to replead should be denied.

Respectfully submitted,

By:    *s/ Steven Gerber*            
Steven Gerber, Esq.
Ola A. Nunez, Esq.
SCHOEMAN UPDIKE KAUFMAN
& GERBER LLP
551 Fifth Avenue, 12th Floor
New York, NY 10176
T: (212) 661-5030
Email: sgerber@schoeman.com
Email: onunez@schoeman.com

Betty Thorne Tierney, Esq.
Michael C. Christman, Esq.
Macy's Law Department
11477 Olde Cabin Road, Suite 400
St. Louis, MO 63141
T: (314) 342-6728
T: (314) 342-6334
Email: betty.tierney@macys.com
Email: michael.christman@macys.com

*Attorneys for Defendants*
*Macy's, Inc, Macy's Retail Holdings, Inc., and*
*Macy's Corporate Services, Inc.*

## **CERTIFICATION OF SERVICE**

I hereby certify that on this date, I caused to be served via CM/ECF a true and correct copy of the foregoing Memorandum of Law on:

>Ossai Miazad, Esq.
>Michael Danna, Esq.
>Chauniqua D. Young, Esq.
>Outten & Golden, LLP
>685 Third Avenue, 25th Floor
>New York, NY 10017
>(212) 245-1000
>Email: omiazad@outtengolden.com
>Email: mdanna@outtengolden.com
>Email: cyoung@outtengolden.com
>
>Coty Rae Montag, Esq.
>NAACP Legal Defense & Educational Fund, Inc.
>700 14th St. N.W., Suite 600
>Washington, DC 20005
>(202) 682-1300
>Email: cmontag@naacpldf.org
>
>Rachel Miriam Kleinman, Esq.
>NAACP Legal Defense & Educational Fund, Inc.
>40 Rector Street, 5th Floor
>New York, NY 10006
>(212) 965-2200
>Email: rkleinman@naacpldf.org
>
>*Attorneys for Plaintiffs*

Pursuant to 28 U.S.C. §1746, I certify under penalty of perjury that the foregoing is true and correct.

*s/ Steven Gerber*
Steven Gerber

Dated: November 11, 2019