IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE FORTUNE SOCIETY, INC., on behalf of itself and its participants, and MICHAEL CLARK, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MACY'S, INC., MACY'S RETAIL HOLDINGS, INC. d/b/a MACY'S, and MACY'S CORPORATE SERVICES, INC.,<br><br>Defendants. | Case No. 19-cv-05961-RA<br><br>[~~PROPOSED~~] ORDER |

[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' UNOPPOSED
MOTIONS FOR FINAL APPROVAL OF SETTLEMENT AND CERTIFICATION OF
THE SETTLEMENT CLASS AND APPROVAL OF
SERVICE AWARD AND CLASS COUNSEL'S FEES AND COSTS

The above-entitled matter came before the Court on Plaintiffs' unopposed Motions for Final Approval of Settlement and Certification of the Settlement Class, and for Approval of Service Award and Attorneys' Fees and Costs ("Motions for Final Approval").

Based upon the Court's review of the motions, memoranda, declarations, and other papers submitted in connection with the Motions for Final Approval, the Court grants final approval of the settlement memorialized in the Settlement Agreement and "so orders" all of its terms, which are incorporated herein. Capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

**IT IS HEREBY ORDERED AS FOLLOWS:**

**I.      JURISDICTION**

1.      This Court has jurisdiction over the subject matter of the litigation and over all

parties to this litigation, including all members of the Settlement Class, as defined below. As used below, "Defendants" mean Macy's, Inc., Macy's Retail Holdings, Inc., and Macy's Corporate Services, Inc. (collectively, "Macy's").

## II. CERTIFICATION OF SETTLEMENT CLASS

2. On September 4, 2020, the Court preliminarily certified the Settlement Class under Federal Rule of Civil Procedure ("Rule") 23. ECF No. 105. The Court now grants final certification because the requirements under Rule 23 have been met.

3. Plaintiffs allege that Defendants' criminal background screening policies and practices require New York City job applicants to consent to a criminal background check prior to extending a conditional offer of employment, in violation of the Fair Chance Act, N.Y.C. Admin. Code § 8-107(11-a)(3). Plaintiffs also allege that the background screening process results in a discriminatory impact against applicants with criminal histories, in violation Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin Code § 8-107 and New York State Correction Law § 753.

4. Pursuant to Rule 23, the Court certifies the following Settlement Class: "All New York City applicants who applied to work at Macy's through its online portal and who were denied employment because they did not consent to Macy's' background check in their online application for the period of September 1, 2017 through January 10, 2020."

5. The Settlement Class meets all of the requirements for class certification under Rules 23(a), (b)(2), and (b)(3). There are over 1,000 Settlement Class Members, satisfying the numerosity requirement. Plaintiff Clark is a typical and adequate representative of the Settlement Class he seeks to represent because his interests are co-extensive with those of Settlement Class Members and he has retained experienced counsel to represent him. Plaintiffs

2

raise common questions, and the Settlement Class satisfies the predominance and superiority requirements for certification under Rule 23(b)(3) for settlement purposes because Plaintiffs' common contentions—that Macy's' job application seeks New York City job applicants' consent to a criminal background check prior to extending a conditional offer of employment, in violation of the Fair Chance Act, N.Y.C. Admin. Code § 8-107(11-a)(3)—predominate over any issues affecting only individual Class Members.

The Court CERTIFIES the Settlement Class under Rules 23(a) and 23(b)(3).

### III. APPROVAL OF SETTLEMENT AGREEMENT

6. Rule 23(e) requires court approval for a class action settlement to ensure that it is procedurally and substantively fair, reasonable, and adequate. Fed. R. Civ. P. 23(e).

7. The Court hereby finally approves the Settlement as set forth in the Settlement Agreement. The Court has reviewed the terms of the proposed Settlement Agreement along with its exhibits, including specifically the programmatic and class member relief, and Plaintiffs' Motions for Final Approval.

8. Based on a review of those papers, and the Court's familiarity with the case, the Court concludes that the Settlement is the result of extensive, arm's-length negotiations and is in all respects fair, reasonable, and adequate, and binding on all members of the Class who have not opted out. *See Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005); *Times v. Target Corp.*, No 18. Civ. 2993, 2019 WL 5616867, at *2 (S.D.N.Y. Oct. 29, 2019); *Capsolas v. Pasta Res., Inc.*, No. 10 Civ. 5595, 2012 WL 1656920, at *1 (S.D.N.Y. May 9, 2012); *Duling v. Gristede's Operating Corp.*, 267 F.R.D. 86, 99 (S.D.N.Y. 2010). The programmatic and class member relief are significant and meaningful, especially when weighed against the risks of ongoing litigation.

9. The parties have agreed to the detailed programmatic relief as set forth in the

3

Settlement Agreement. In particular, Macy's has agreed to: (1) revise their job application to remove any reference to the requirement for a background check for any applicant in New York City; (2) within 14 days of this Order, retain an Industrial Organizational ("IO") psychologist who, within 45 days of being retained, will review Macy's' current criminal history screening and background check policies and practices at Macy's retail stores in accordance with section 3.3(E)(1)-(7) of the Settlement Agreement; (3) make changes that are consistent with the IO psychologist's guidance, after which the IO psychologist will inform Plaintiffs' counsel of the changes and certify to Plaintiffs' counsel that such changes have been implemented; and (4) maintain any changes implemented for a minimum of two years.

10. The parties have also agreed to monetary relief for Class Members, as set forth in the Settlement Agreement. All Class Members are entitled a share of the Gross Settlement Fund as compensation for their NYC Fair Chance Act claims without submitting a claim form.

11. Macy's shall transfer the Settlement Amount of $1,800,000.00 to the Settlement Administrator within fourteen (14) days of the Effective Date of the Settlement, which is defined in the Settlement as the expiration of time for appeal of this Order or, if there is an appeal of this Order, the day after all appeals are finally resolved in favor of final approval.

12. Within thirty (30) days of the Settlement Effective Date, the Settlement Administrator will issue checks for the Allocated Settlement Amount to Plaintiff Clark and the Settlement Class Members, $5,000 to Plaintiff Clark for his approved Service Award, and $50,000 for the Settlement Payment to Plaintiff Fortune. Within thirty (30) days of the Settlement Effective Date, the Settlement Administrator will also pay, or cause to be paid, by wire transfer, $583,333 in Court-approved attorneys' fees and $37,989 in expenses to Class Counsel.

13. Any uncashed checks as of ninety (90) days after Final Approval shall be awarded to the organization Getting Out and Staying Out.

14. The settlement is procedurally and substantively fair, reasonable, adequate, and is not a product of collusion. *See* Fed. R. Civ. P. 23(e); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 462-63 (2d Cir. 1974); *Times v. Target Corp.*, No 18. Civ. 2993, 2019 WL 5616867, at *2-3 (S.D.N.Y. Oct. 29, 2019); *Reyes v. Altamarea Group LLC*, No. 10 Civ 6451, 2011 WL 4599822, at *4 (S.D.N.Y. Aug. 16, 2011).

15. The assistance of an experienced mediator reinforces that the Settlement Agreement is non-collusive. *See Capsolas*, 2012 WL 1656920, at *1.

16. Having considered the strengths and weaknesses of Plaintiffs' case versus the benefits of the Settlement; the likely complexity, length, and expense of further litigation; the limited opposition to the Settlement among the Settlement Class; the opinion of competent counsel, and the substantial amount of discovery and litigation already undertaken, the Court finds that the Settlement is fair, reasonable, and adequate, and well within the range of other settlements that have obtained final approval by federal courts.

17. The Court further finds that the response of the Class Members to the Settlement Agreement supports approval of the Settlement. As of the date of this Order, one individual has opted out of the Settlement and no one has objected to the Settlement.

18. The Court finds that the notice effectuated was the best practicable notice under the circumstances, and was accomplished in all material respects, as set forth in the Declaration of Ossai Miazad.

19. The Class Notices provided adequate notice of these proceedings and the terms of the Settlement Agreement to all parties entitled to such notice. The distribution of the notice

fully met the requirements of Rule 23 and satisfied the requirements of constitutional due process and any other applicable law.

20. Outten & Golden LLP ("O&G"), NAACP Legal Defense and Educational Fund, Inc. ("LDF"), and Youth Represent ("YR"), which the Court previously appointed as Class Counsel, satisfy the requirements of Rule 23(g).

The Settlement is hereby APPROVED and incorporated herein and shall become effective according to its terms.

## IV. RELEASE AND DISMISSAL OF CLAIMS WITH PREJUDICE

21. Upon the Effective Date of the Settlement, each Settlement Class Member who has not opted out will release the Defendants from:

> all claims arising from or related to Macy's denial of employment because they declined to consent to its criminal background check question on their online application under NYCHRL, Article 23-A of the New York State Correction Law, and N.Y.C. Admin. Code § 8-107(11-a)(3).

22. Upon the Effective Date of the Settlement, Plaintiff Fortune will release Defendants from:

> any claim arising under NYCHRL, N.Y.C. § 8-101, *et seq.*, including, but not limited to, the Fair Chance Act, the New York State Human Rights Law, and Title VII, and any claim that could have been asserted under the New York City Human Rights Law, N.Y.C. § 8-101, *et seq.*, the Fair Chance Act, the New York State Human Rights Law, and Title VII, by Plaintiff Fortune in light of the Factual Allegations and Class Action Allegations asserted in the Fourth Amended Complaint.

## V. AWARD OF ATTORNEYS' FEES AND COSTS

23. The Court awards Class Counsel $583,333 in fees and $37,989 costs for their efforts in support of this litigation.

24. Class Counsel engaged considerable resources in the prosecution of this case over the course of a year.

25. The attorneys at O&G, LDF, and YR who prosecuted this case are experienced

6

class action and employment lawyers with good reputations among the class action and employment bars and significant experience in litigating criminal history discrimination matters. Class Counsel are nationally recognized employment class action litigators. *See, e.g.*, *Times v. Target Corp.*, No 18. Civ. 2993, 2019 WL 5616867, at *4 (S.D.N.Y. Oct. 29, 2019) ("The attorneys at O&G and LDF who prosecuted this case are experienced class action and employment lawyers with good reputations among the class action and employment bars and significant experience in litigating criminal history discrimination matters."); *Kelly v. Brooklyn Events Ctr., LLC*, No. 17 Civ. 4600, 2019 WL 4316125, at *2 (E.D.N.Y. Sept. 10, 2019) (stating same for O&G and YR); *Keels v. Geo Grp., Inc.*, No. 15 Civ. 6261, 2017 WL 4477000, at *1 (E.D.N.Y. Oct. 1 2017) (appointing O&G as class counsel in FCRA case; granting final approval on Feb. 23, 2018); *Pickett v. SIMOS Insourcing Sols., Corp.*, No. 17 Civ. 1013, 2017 WL 3444755, at *1 (N.D. Ill. Aug. 10, 2017) (appointing O&G as class counsel in FCRA case).

26. Although Class Counsel had no guarantee of any compensation in pursuing this case, and has worked without compensation for approximately the past year, they achieved substantial success in settling the claims on behalf of the class.

27. The award to Class Counsel also does not include all the work that Class Counsel will do in the future.

28. In light of the above, the award of $583,333 in fees and costs is a reasonable award. The award shall be paid from the gross settlement fund.

## VI. SERVICE AWARD TO NAMED PLAINTIFF

29. The Court finds that a service award of $5,000 to Named Plaintiff Clark is reasonable.

30. Service awards are common in class action cases and serve to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks

7

incurred by becoming and continuing as a named plaintiff, and any other burdens sustained by the plaintiffs. *See Reyes*, 2011 WL 4599822, at *9. Here, the requested service award is reasonable and is approved.

## VII. FINAL APPROVAL OF SETTLEMENT

31. Without affecting the finality of this Final Approval Order and Final Judgment, the Court retains continuing jurisdiction over implementation of the Settlement Agreement including, but not limited to, the enforcement of the Releases contained in the Agreement, for two years from the latter of the entry of the Final Approval Order, or Macy's complete implementation of the non-monetary benefits described in Section IV.

32. As of the Effective Date of the Settlement, the action shall automatically be dismissed with prejudice, except that the Court will retain continuing jurisdiction as set forth above.

33. The parties shall abide by all terms of the Settlement Agreement.

It is so ORDERED this __14__ day of _____December_____, 2020.

_____
Hon. Ronnie Abrams
United States District Judge

8